IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
MISSOURI, WESTERN DIVISION

| | |
|---|---|
| JEREMY LOVINS, | ) |
| | ) |
| Plaintiffs | ) |
| vs. | ) CIVIL ACTION |
| | ) NO: _____ |
| PLEASANT HILL PUBLIC SCHOOL | ) |
| DISTRICT, R-III, and | ) |
| | ) |
| HUGH GRAHAM | ) JURY TRIAL |
| | ) DEMANDED |
| | ) |
| | ) |
| Defendants. | ) |

99-0550-CV-W-2

## COMPLAINT

Plaintiff, by and through counsel, bring this action to obtain redress for the deprivation and conspiracy to deprive Plaintiff Jeremy Lovins of his federally protected rights as hereafter alleged, and for assault, battery, intentional infliction of emotional distress, negligence, and sexual discrimination and harassment.

JURISDICTION

1. This Court has subject matter jurisdiction pursuant to (a) 28 U.S.C. §1331, because the case arises under the Constitution and laws of the United States; (b) 28 U.S.C. §1983 and §1985, 42 U.S.C. §13981, and 20 U.S.C. §1681 *et seq.*, (Title IX), and, in particular, the due process and equal protection provisions of the United States Constitution, including the Fifth and Fourteenth Amendments thereof. This Court also has jurisdiction over the causes of action alleged in Counts IV, V, VI and VII pursuant to federal pendant jurisdiction.

**ORIGINAL**

1

DOCUMENT # ___1___

## VENUE

2.  Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) because the events or omissions giving rise to this Complaint occurred here, and all named Defendants may be found in this district.

## THE PARTIES

3. Plaintiff Jeremy Lovins (hereinafter, "Lovins") is a citizen of the State of Missouri

4. Defendant Pleasant Hill Public School District, R-III (hereinafter, "the School District") is an entity organized and operating in the State of Missouri; Defendant Hugh Graham is an individual who is a resident of the State of Missouri.

## FACTS

5. On or about December 5, 1994, Plaintiff was attending Pleasant Hill Middle School, a school operating within the School District, when students Ryan Simms and Jeff Kirby began circulating a rumor at the school that Plaintiff was a homosexual.

6. As a result of said rumor, other students at the school began harassing Plaintiff, calling him "queer", "fag", and other names in the halls and classrooms, and by covering their groin area in front of Plaintiff and telling him "not to look or lust after their private parts."

7. On or about December 6, 1994, Plaintiff's mother, Debra Lovins, contacted H. Mitchell Hanna, the School District's Superintendent, to inform him of the harassment of Plaintiff.

8. After Ms. Lovins conversation with Hanna, nothing was done to stop other students from harassing Plaintiff. In fact, the harassment continued and worsened for the next four years.

3

9. In or about January, 1995, an unknown student, wrote in the Pleasant Hill Middle School's book of new years resolutions that Plaintiff's new years resolution was to meet more guys. At about the same time, another unknown student placed a tampon in Plaintiff's locker. Plaintiff's mother again contacted school officials about these incidents. The school District took no action to prevent further harassment.

10. On or about May 13, 1995, students Justin Rhodes and Kyle Rhodes, acting on the rumors o Plaintiff's homosexuality, attempted to run over Plaintiff with their vehicle.

11. In or about September, 1995, Plaintiff's mother contacted the School's counselor, Pat Garry, and again informed him that Plaintiff was being called "gay" in the halls, classrooms and cafeteria. Mr. Garry spoke with some of the students who had been harassing Plaintiff. After this "talk" with the students, the harassment of Plaintiff only intensified.

12. During the 1995-1996 school year, an unknown student in Plaintiff's science class began writing "faggot" on Plaintiff's papers. The teacher, Jerry MacLean, saw all of these papers, but nothing was said or done about it.

13. On or about December 12, 1997, Plaintiff was physically assaulted by another student, Hugh Graham. Graham beat Plaintiff repeatedly with his fists, bloodying his lip, breaking his watch and glasses, and damaging his car. This incident was immediately reported to the school's principal, Mr. Borgstadt, who stated he could not call police on Plaintiff's behalf. Borgstadt did subsequently report the incident to police.

4

14. Since the time of the beating of Plaintiff, Plaintiff has continued his education through a homebound program, and has not been able to return to school.

15. As a result of the above harassment and abuse, Plaintiff has been forced to seek psychological counseling for depression coupled with an "irritable bowel syndrome", which is associated with the stress from his harassment at school.

## COUNT I

## DEPRIVATION OF CONSTITUTIONAL RIGHTS AND PRIVILEGES

(42 U.S.C. §1983)

16. Plaintiff incorporates by reference paragraphs 1 through 15.

17. Plaintiff is entitled to the equal protection of the laws under the Fourteenth Amendment of the United States Constitution, and due process of law under the Fifth and Fourteenth Amendment of the United States Constitution.

18. The School District, an entity organized under the laws of the State of Missouri, by R. Mitchell Hanna, Robert Baldwin, Clifford Borgstadt, Steven Leslie, Darrin Schick, Kitty Snyder, Charles Long, David Ward, Gail Rogers, Troy Wickman, and Pat Garry, and all acting under color of state law, caused Plaintiff to be subjected to sexual discrimination and sexual harassment. The School District had constructive or actual notice that comments and conduct were being directed against Plaintiff because of his perceived sexual orientation. The result of said Defendants' actions deprived Plaintiff of his right of equal protection of the law.

19. The School District, acting under color of state law, and through its agents, servants, and employees created a hostile environment at Pleasant Hill Middle School, and Pleasant Hill High School. Through said Defendants' failure to prevent the sexual harassment, assaults, and batteries described herein, perpetuated an environment in which Plaintiff moved in constant terror of physical harm and further emotional distress. As described above, he was placed in a category separate from other students in that he was forced to leave school to stop

6

the harassment, assault and battery, depriving him of his right of due process and right to an education.

20. Plaintiff, as a citizen of the State of Missouri, is entitled to due process protection of freedom from arbitrary action jeopardizing his property interest in his education and should not have been subjected arbitrarily to fearing the loss of enjoyment of his education, due to sexual harassment, violence, or to other adverse actions that he reasonably feared. Said Defendants' actions deprived Plaintiff of his property interests guaranteed to him by the Constitution of the United States.

21. The above-described actions of the School District, and its employees were undertaken when they were acting under color of state law, as public school employees for the State of Missouri. Said actions by these Defendants deprived Plaintiff of federal equal protection and due process rights guaranteed by the Fifth and Fourteenth Amendments and made actionable by 42 U.S.C. §1983.

## COUNT II

## CONSPIRACY TO DEPRIVE PERSONS OF EQUAL PROTECTION

(42 US.C. §1985)

22. Plaintiff incorporates by reference paragraphs 1 through 21.

23. The School District conspired with its employees, individually and in their capacities as agents, servants and employees of the School District, to deprive Plaintiff of equal protection of the laws and of equal privileges and immunities under the laws, as described above in Count I.

24. The conspirators committed some acts in furtherance of the conspiracy that included an implicit or explicit agreement not to discipline students for their sexual harassment, assaults, batteries, and violence against Plaintiff.

25. As a result of the conspiracy, Plaintiff was injured by Defendants in his person and property, and deprived of possessing and exercising his rights and privileges as a citizen of the United States, as described more fully in Count I, above.

## COUNT III

## DEPRIVATION OF CIVIL RIGHTS

(42 U.S.C. §13981)

26. Plaintiffs incorporate by reference paragraphs 1 through 25.

27. Plaintiff, as a citizen of the United States, has a right to be free from crimes of violence motivated by sexual orientation, as set forth in 42 U.S.C. §13981(c).

28. The student's sexual harassment, assaults and batteries against Plaintiff, set forth above, constituted discriminatory violence in that it was directed at Plaintiff specifically because he was perceived to be homosexual, or due, at least in part, to animus based on sexual orientation.

29. The student's conduct deprived Plaintiff of his right to be free from crimes of violence motivated by sexual orientation, and is made actionable against a private individual by 42 U.S.C. §13981(c).

## COUNT IV

## ASSAULT

30. Plaintiff incorporates by reference paragraphs 1 through 29.

31. The student's threat of physical harm to Plaintiff, accompanied by their apparent ability and opportunity, created in Plaintiff the immediate apprehension of unwanted or offensive bodily harm.

32. Graham's and the other student's assaults upon the person of plaintiff were willful, persistent, continuous, wanton, and intentional.

33. As the result of said assaults, Plaintiff lived with continuous apprehension of bodily harm and suffered severe emotional distress.

## COUNT V

## BATTERY

34. Plaintiff incorporates by reference paragraphs 1 through 33.

35. By beating Plaintiff with his fists, Graham committed intentional, unwanted, offensive bodily contacts against the person of Plaintiff.

36. Graham's batteries upon the person of Plaintiff were willful, persistent, continuous, wanton, and intentional.

37. As the result of this intentional conduct, Plaintiff was bruised, contused, scraped, and cut.

## COUNT VI

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff incorporates by reference paragraphs 1 through 37.

39. The conduct of Graham and the other students was extreme, outrageous, odious, perverse, and beyond the bounds of decency. The student's conduct and actions described herein were persistent, continuous, willful, wanton,

9

and intentional or with reckless disregard for the effects of their conduct and actions on Plaintiff, and Plaintiff suffered severe emotional distress in direct consequence of this behavior.

40. Defendant School District's failure to prevent the sexual harassment of Plaintiff, failure to investigate his claims of sexual harassment, failure to discipline students, and failure to provide Plaintiff with additional security after Defendants were on actual notice of the student's conduct was extreme, outrageous, and beyond the bounds of decency. Defendants' failure was willful, wanton, deliberate, intentional and with reckless disregard for Plaintiff's safety and emotional well being, and the duty of the Defendants. As the result of Defendants' failure, Plaintiff suffered severe emotional distress. But for Defendants' failure, Plaintiff would not have suffered such harassment and the assaults and battery on Plaintiff would not have occurred..

41. The failure of Defendant School District, to intervene and stop students within their control and under their supervision from harassing and abusing Plaintiff during classes taught by or under the supervision of these Defendants is extreme, outrageous, and beyond the bounds of decency. These Defendants' failure was willful, deliberate, persistent, continuous, wanton, and intentional or with reckless disregard for Plaintiff's emotional well being.

## COUNT VIII

## NEGLIGENCE

42. Plaintiffs incorporate by reference paragraphs 1 through 41.

43. The School District, a public entity charged with the responsibility of providing education to children, has a duty to promote its students' intellectual well being.

44. The School District has undertaken a duty to protect the physical well-being of its students and to promote their physical safety by having policies, rules and regulations against physical violence on school grounds, and by requiring teachers to monitor its students' classroom, hallway, and lunchroom activities.

45. Defendant School District knew or should have known of the harassment and threats of physical harm against Plaintiff, and assaults and batteries on the person of Plaintiff. Defendant School District was on actual notice of the sexual harassment, threats of physical violence, assaults and batteries on the person of Plaintiff.

46. Despite having actual knowledge of said conduct, Defendant did not increase its security measures, did not provide additional monitoring of the hallways, lunchrooms, or classes, and did not monitor other Student's conduct toward or around Plaintiff.

47. As the result of Defendant School District's failure to provide adequate security, Plaintiff was assaulted and battered

48. Had Defendant School District increased its security measures and monitoring of the student's conduct toward and around Plaintiff, he would not have sustained physical injury while on school grounds.

## COUNT VIII

## SEXUAL DISCRIMINATION

(20 U.S.C. §1681 *et seq.*, "Title IX")

49. Plaintiffs incorporate by reference paragraphs 1 through 48.

50. As a citizen of the United States, Plaintiff is entitled to protection from sexual discrimination and from exclusion in the participation in, or benefits of, any education program or activity receiving Federal financial assistance.

51. Defendant School District and its agents, servants, and employees knew or should have known that the other student's conduct was sufficiently severe, persistent, and pervasive enough to limit Plaintiff's ability to participate in or benefit from the educational programs and activities at Pleasant Hill High School, or to create a hostile or abusive educational environment.

52. Defendants knew or should have known that the student's conduct toward Plaintiff was directed at his because of his perceived sexual orientation.

53. Defendant School District is a recipient of Federal funding for education programs or activities as defined under 20 U.S.C. §1687.

54. As a recipient of Federal funding, Defendant School District has a legal duty to designate an employee responsible for preventing discriminatory behavior in the School District, and to advise students of the individual's name.

55. The School District has no such employee designated, and, if such an individual has been designated, the School District has not advised students of the individual's name.

56. The School District has a legal duty to disseminate the School District's policy against sexual discrimination and harassment to students.

12

57. The School District has not disseminated a policy against sexual discrimination and harassment to its students.

58. Defendant School District has a legal duty to immediately and appropriately remedy sexual discrimination and sexual harassment occurring in the context of its educational programs and activities.

59. Despite having constructive and actual notice of the conduct, the School District, and its agents, employees and servants, failed to take immediate and appropriate remedial action.

60. As the direct consequence of the student's actions, which created a hostile educational environment, Plaintiff's ability to participate in School functions, and to enjoy his right to an education were diminished. Plaintiff was subjected to physical and emotional abuse, assaulted, battered, and physically injured.

61. As the direct consequence of Defendant School District's conduct, Plaintiff was denied the benefits of, and subjected to sexual discrimination, in academic and extra curricular educational programs and activities.

62. By failing to take immediate and appropriate remedial action against the students for their sexual harassment and violence, Defendant School District aided and perpetuated sexual discrimination against Plaintiff, and otherwise limited Plaintiff in the enjoyment of his rights, privileges, advantages and opportunities, all in violation of Defendant's legal duty and Title IX mandates.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs request the following relief:

a. Count I, judgment against Defendant School District, for compensatory damages in an amount to be proven at trial; punitive damages for said Defendants' willful, outrageous and malicious conduct of $100,000.00; the costs of their suit and attorneys' fees; nominal damages; and for such other and further relief as the Court may deem proper.

b. Count II, judgment against Defendant School District, for compensatory damages in an amount to be proven at trial; punitive damages for said Defendants' willful, outrageous and malicious conduct of $100,000.00; the costs of their suit and attorneys' fees; nominal damages; and for such other and further relief as the Court may deem proper.

c. Count III, judgment against Defendants Jointly and Severally for compensatory damages in an amount to be proven at trial; punitive damages for Defendant's outrageous, willful, and malicious conduct of $100,000.00; the costs of their suit and attorneys' fees; nominal damages; and for such other and further relief as the Court may deem proper.

d. Count IV, judgment against Defendant Hugh Graham for compensatory damages in an amount to be proven at trial; punitive damages for Defendant's outrageous, willful, and malicious conduct of $100,000.00; the costs of their suit and attorneys' fees; nominal damages; and for such other and further relief as the Court may deem proper.

e. Count V, judgment against Defendant Hugh Graham for compensatory damages in an amount to be proven at trial; punitive damages for Defendant's outrageous, willful, and malicious conduct of $100,000.00; the costs of their suit and attorneys' fees; nominal damages; and for such other and further relief as the Court may deem proper.

f. Count VI, judgment against Defendants for compensatory damages in the amount of $1,000,000.00; punitive damages for Defendants' outrageous, extreme, willful, malicious, persistent, continuous and deliberate conduct in the amount of $3,000,000.00; the costs of their suit and attorneys' fees; nominal damages; and for such other and further relief as the Court may deem proper.

g. Count VII, judgment against Defendant School District for compensatory damages of $125,000.00; punitive damages for Defendant's deliberate and reckless conduct in the amount of $175,000.00; the costs of their suit and attorneys' fees; nominal damages; and for such other and further relief as the Court may deem proper.

h. Count VIII, judgment against Defendants in the amount of $1,500,000.00; for punitive and exemplary damages for willful, outrageous, extreme, intentional and reckless conduct in the amount of $4,000,000.00; for

15

costs of their suit and attorneys' fees; nominal damages; and such other and further relief as the Court may deem proper.

JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on each of the Counts set forth herein.

Respectfully submitted,

Plaintiff Jeremy Lovins
By their Counsel

Douglas Patterson, MO Bar #50670
Attorney of Record

Katherine Tess Argent, KS Bar #17895
Pro Hac Vice

State of Missouri, )
                       ) ss.
County of Jackson. )

I, Jeremy Lovins, hereby state under oath that I am the Plaintiff in the foregoing cause of action; that I have read the contents of this Complaint; and that the statements and allegations herein are true and accurate according to the best of my knowledge and belief.

*Jeremy Lovins*
Jeremy Lovins

Subscribed to and sworn before me, a Notary Public, this 13 day of April, 1999.

DREAMA L EDWARDS
NOTARY PUBLIC STATE OF MISSOURI
JACKSON COUNTY
MY COMMISSION EXP FEB. 6,2001

*Dreama L. Edwards*
Notary Public

# CIVIL COVER SHEET

JS-44 (Rev. 12/96)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jeremy Lovins

## DEFENDANTS
Pleasant Hill Public School District, R-III

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Jackson
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Jackson
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Argent, Marshall & Patterson
1125 Grand, Suite 1801
Kansas City, MO 64106
(816) 472-5297

ATTORNEYS (IF KNOWN)

FILED JUN 4 1999
R. F. CONNOR, CLK
U.S. DISTRICT COURT
WEST DISTRICT OF MISSOURI
SYB

99-0550-CV-W-2

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- [ ] U.S. Government Plaintiff
- [X] Federal Question (U.S. Government Not a Party)
- [ ] U.S. Government Defendant
- [ ] Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] | [ ] | Incorporated or Principal Place of Business in This State | [X] | [ ] |
| Citizen of Another State | [ ] | [ ] | Incorporated and Principal Place of Business in Another State | [ ] | [ ] |
| Citizen or Subject of a Foreign Country | [ ] | [ ] | Foreign Nation | [ ] | [ ] |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] Original Proceeding
- [ ] Removed from State Court
- [ ] Remanded from Appellate Court
- [ ] Reinstated or Reopened
- [ ] Transferred from another district (specify)
- [ ] Multidistrict Litigation
- [ ] Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

[Civil Rights - 440 Other Civil Rights checked]

## VI. CAUSE OF ACTION

20 U.S.C. 1681 (Title IX)   School Sexual Harassment

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 5,500,000.00
- JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY
JUDGE _____ DOCKET NUMBER _____

SIGNATURE OF ATTORNEY OF RECORD

ORIGINAL

| AO 82C | RECEIPT FOR PAYMENT | № 170689 |
| (Rev. 5/90) | UNITED STATES DISTRICT COURT | |
| | WESTERN DISTRICT OF MISSOURI | |

at _____

Fund
- ☑ Registry Funds
- 6855 — ☐ Deposit Funds
- 086900 ☑ Filing Fees
- 106000 Forfeitures of Unclaimed Monies
- 143500 Interest Deposits to U.S.
- 322350 Copy Fees
- 322360 Miscellaneous Fees
- 322380 Recovery—Court Costs
- 322381 Recoveries Stand Trustee
- 507310 U.S. Trustee System Fund
- 504100 Crime Victims Fund
- 510000 ☑ Fees for Judicial Services
- 510100 Registry Fee

*Last two digits same as last two digits of DO symbol

Pro hac vice   25 00
               60 00
F Fee          90 00
              175 00

CASE REFERENCE:

99-0550-CV-W-2

RECEIVED FROM _Corbett Law Firm_
_9804 Central_
_KCMO_

DEPUTY CLERK _SMBrogan_

Checks and drafts are accepted subject to collection, and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

1253        6/4/99

WHITE-ORIGINAL YELLOW-DUPLICATE PINK-TRIPLICATE
★U.S. GPO: 1998-656-527