# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

Jeremy Lovins, )
)
             Plaintiff, )
)
vs. )     No. 99-0550-CV-W-2
)
Pleasant Hill Public School District, R-III, and )
High Graham, )
)
             Defendants. )

## SCHEDULING AND TRIAL ORDER

Counsel should note that the scheduling and trial order indices are provided for their convenience only. All parties are directed to review the entire text of this order.

## I. SCHEDULING

### INDEX

| | | |
|---|---|---|
| 1. | Close of discovery | July 7, 2000 |
| 2. | Motion to join additional parties | January 20, 2000 |
| 3. | Motion to amend pleadings | January 20, 2000 |
| 4. | Motion for summary judgment | August 7, 2000 |
| 5. | Other motions | August 7, 2000 |
| 6. | Supplement to discovery response | Ten days before pretrial teleconference |
| 7. | Asserting party's expert affidavit(s) | May 5, 2000 |
| | Defending party's expert affidavit(s) | June 5, 2000 |
| | Rebuttal affidavit(s) | June 19, 2000 |
| | Challenges | June 19, 2000 |
| 8. | Designation of incident(s) | May 1, 2000 |
| | Affirmative defense(s) | June 1, 2000 |

-------------------------------------------------------------------

Pursuant to Rules 16(b) and 26(f), Fed. R. Civ. P., and upon consideration of the

parties' proposals in the matter, the following time schedule is established.

Counsel should note that a courtesy copy of any motion requiring an expedited ruling should be delivered to chambers immediately after the motion is filed with the Clerk's Office.

1.      **DISCOVERY** shall close as of July 7, 2000.   Close of discovery means that all discovery, including the taking of depositions, shall be completed not simply submitted on the date specified by this paragraph.  Any last minute discovery submitted too late for the opposing side to timely discover may be stricken.

a.      The Court reserves the right to exercise control over the taking of depositions in any case.  The Court may either limit the total number of depositions or place a time limitation on the taking of depositions in general.  **Any proposed deposition lasting longer than seven hours requires prior approval by the Court. Proposing counsel shall arrange a teleconference with the Court and be prepared to explain the justification for such deposition(s).**

b.      **Any discovery motion must be filed before the close of discovery, and in sufficient time for the Court to rule the motion.**  The Court will not entertain any discovery motion absent full compliance with Local Rule 37.1.  Any discovery motion filed without complying with Local Rule 37.1 will be denied.

c.      In the event that a teleconference is needed, my secretary may be reached at (816)512-5630.  All teleconference requests should be directed to her.  A typed description of the discovery dispute, using a 12 pitch font and not exceeding two pages in length, should be faxed to the Court at (816)512-5643 by movant as soon as the dispute is known but not later than three hours before the scheduled teleconference.

2.      Any **MOTION TO JOIN ADDITIONAL PARTIES** will be filed not later than January 20, 2000.  Where a motion to join additional parties is granted, plaintiff will telephone the Court's secretary at (816)512-5630 to request a teleconference to

Case 4:99-cv-00550-FJG     Document 8     Filed 12/27/99     Page 2 of 13

discuss any amendments to the scheduling and trial order.

3. Any **MOTION TO AMEND PLEADINGS** shall be filed not later than January 20, 2000.

4. All **MOTIONS FOR SUMMARY JUDGMENT** shall be filed no later than August 7, 2000. Further, no motion for summary judgment will be entertained absent strict compliance with the following provisions:

a. Any motion for summary judgment shall fully comply with the provisions set forth in Local Rule 7.1; and

b. No deviations from Local Rule 7.1 will be allowed absent leave of court obtained **PRIOR** to filing non-conforming documents. Unless prior Court approval is granted, motions for leave to deviate from Local Rule 7.1 that are filed contemporaneously with a non-conforming filing shall be denied.

5. All **OTHER MOTIONS**, except those which, under Rule 12(h)(2) or (3), Fed. R. Civ. P., may be made at any time, and except for motions in limine and discovery motions, shall be filed (with supporting suggestions) not later than August 7, 2000. Absent full compliance with Rule 7.1, these motions will be denied.

6. **Any supplement to discovery responses under Rule 26(e), Fed. R. Civ. P. will be filed no later than ten days before the scheduled pretrial conference. This obligation extends to expert affidavits.**

7. **EXPERT TESTIMONY.**

a. A party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705, Fed. R. Evid.

1. Standard discovery deadlines include submission of expert affidavits required by Rule 26(a)(2)(B), Fed. R. Civ. P. The affidavit requirement is subject to the provisions of Rule 26(b)(4) of said rules. Plaintiff shall submit its expert affidavit on or before May 5, 2000, defendant on or before June 5, 2000, rebuttal on or

3

before June 19, 2000. These deadlines also apply to the submission of reports pursuant to 7(e), as well as to identifying "fact" witnesses under 7(e)(1). No affidavits or reports are required for 7(e)(1) fact witnesses. Any challenge to the qualifications of a proposed expert or challenge to a 7(e)(1) fact expert must be submitted to the Court on or before June 19, 2000. The objecting party should cite specific reasons its objection and cite any authority to support that position.

2.     Any further discovery relative to the information and opinions reflected in the expert affidavits shall be by Court order. The party requesting further discovery shall file a motion specifying what additional discovery is needed, and stating in detail why additional discovery is necessary. This motion shall be filed within five days of the close of standard discovery. The opposition to said request shall be filed within 5 days thereafter. Counsel should be advised that this request for additional discovery will not be automatically granted.

b.     One of the purposes of the expert affidavit is to set forth the substance of a direct examination. If properly done, the expert affidavit should eliminate the need for deposition of some experts. Consequently, the detailed statements in the affidavit are essential.

c.     A party's expert witness will be permitted to testify at trial only in conformity with that witness's affidavit unless otherwise ordered by the Court.

d.     Any expert affidavit to be submitted under this section shall be filed with this Court.

e.     Treating physicians may testify as fact witnesses, expert witnesses, or both. To the extent that a treating physician may testify as an expert, compliance with 7(a)-(d) is required. To the extent that a treating physician may testify as a fact witness, production of an affidavit or records is not required, however the party intending to use such fact testimony shall disclose the name of that witness by the

4

deadline indicated by 7(a)(1).

1.    Fact Witnesses:    A treating physician will be considered a fact witness when testifying as to information developed or opinions drawn during the treatment of a patient so long as the information or opinions were necessary in furtherance of the patient's treatment.  Examples of fact testimony include: the cause of the medical condition, the diagnosis, the prognosis and the extent of disability caused by the condition, if any.  This is a non-exhaustive list of examples.

2.    Expert Witnesses: A treating physician will be considered an expert witness when testifying outside the scope of 7(e)(1).  Examples of expert testimony include:  testimony as to medical matters unrelated to the actual care and treatment administered, testimony regarding the patient's previous care unrelated to the treatment at issue, and opinions that were not derived from the treating physician's personal knowledge of the case or were developed or acquired in anticipation of litigation.  This is also a non-exhaustive list of examples.

3.    For the purpose of this paragraph, a "treating physician" is a doctor including psychiatrist, dentist or other practitioner of the healing arts.

8.    If the case involves a claim of discrimination or disparate treatment under 42 U.S.C. § 2000(e) et seq.  (Title VII), 29 U.S.C. § 621 et seq., or under 42 U.S.C. §§ 1981, 1983 or 1985 for discrimination in connection with employment or Chapter 213 RSMo. 1986 (Missouri Human Rights Act) or any other Federal or State law, the party making such claim shall, not later than May 1, 2000, serve and file a designation of each incident which may be offered at trial to show either the discriminatory treatment for which the claim is made, or the discriminatory animus of those against whom the claim is made.  Such designation shall include: (a) a brief description of the incident or happening; (b) the date and place thereof; and (c), the identity of the persons involved.

The defendant(s) shall state all affirmative defenses to each incidence alleged by

Case 4:99-cv-00550-FJG    Document 8    Filed 12/27/99    Page 5 of 13

plaintiff as required in <u>Burlington Industries, Inc. v. Ellerth</u>, 118 S.Ct. 2257 (1998) and <u>Faragher v. City of Boca Raton</u>, 118 S.Ct. 2275 (1998), on or before June 1, 2000.

9. The schedules fixed herein will not be extended except for good cause shown and upon further written order of the court.

## II. TRIAL

### INDEX

| | | |
|---|---|---|
| | Pretrial teleconference | Not set |
| | Trial setting | October accelerated docket |
| 1. | Stipulation of facts | August 7, 2000 |
| 2. | Asserting party:<br>Witness list, exhibit list, designation<br>of deposition testimony | August 7, 2000 |
| 3. | Asserting party:<br>In camera witness list | August 7, 2000 |
| 4. | Defending party:<br>Witness list, exhibit list, objections to<br>proposed deposition testimony,<br>deposition designations | August 14, 2000 |
| 5. | Defending party:<br>In camera witness list | August 14, 2000 |
| 6. | Asserting party:<br>Objections to proposed deposition<br>testimony, deposition testimony designations | August 21, 2000 |
| 7. | Defending party:<br>Objections to proposed deposition testimony | August 28, 2000 |
| 8. | Stipulation to identity and authentication of<br>exhibits | August 28, 2000 |
| 9. | Joint proposed instructions | August 28, 2000 |

6

| 10. | Asserting party:<br>Voir dire questions, other instructions | August 30, 2000 |
| 11. | Defending party:<br>Voir dire questions, other instructions | September 6, 2000 |
| 12. | Asserting party:<br>Motions in limine, trial brief | September 6, 2000 |
| 13. | Defending party:<br>Motions in limine, responses to motions in limine, trial brief | September 13, 2000 |
| 14. | Asserting party:<br>Responses to motions in limine and trial brief | September 20, 2000 |

-----------------------------------------------------------------------------------------------

Pretrial teleconference will be set at a later date. Counsel for plaintiff shall initiate this teleconference to the Court at telephone number (816)512-5630.

IT IS ORDERED that this cause be tried on the civil, accelerated jury docket which commences the week of October 2, 2000, and runs continuously thereafter through the end of the week of October 16, 2000. The attorneys for the parties shall have the responsibility to maintain contact with the courtroom deputy at telephone number (816)512-5644 to determine its position on the docket. All matters will be heard in Chambers (Room 7552) and Courtroom 7C of the United States Courthouse, 400 East 9th Street, Kansas City, Missouri, unless otherwise notified by the courtroom deputy.

1.     On or before August 7, 2000, the parties shall file a **STIPULATION OF ANY UNCONTROVERTED FACTS**. If no stipulated facts can be agreed upon, including facts related to the court's subject matter or personal jurisdiction, the parties shall file a joint statement to that effect.

7

2. On or before August 7, 2000, each **PARTY ASSERTING** an affirmative claim or claims for relief (plaintiff, third party plaintiff, counterclaiming defendant, cross-claiming defendant, etc.) shall serve and file:

a. **A LIST OF ALL WITNESSES** (in alphabetical order) who may be called at trial by that party in connection with such claim or claims;

b. **A LIST OF ALL EXHIBITS** which may be offered at trial by that party in connection with such claim or claims. Each exhibit so listed shall be pre-marked and numbered. If only a portion of an exhibit is to be offered, the portion to be offered shall be specifically identified. A copy of the exhibit index will be attached to the copy of the exhibit list filed with the clerk; and

c. **A DESIGNATION**, by page and line number, of any **DEPOSITION TESTIMONY** to be offered in evidence as a part of that party's case-in-chief in connection with such claim or claims.

3. In addition to 2(a) above, on or before August 7, 2000, each **PARTY ASSERTING** an affirmative claim or claims for relief shall submit in camera a **WITNESS LIST** which includes the subject matter that each witness is expected to testify about and the exhibits that each witness will identify or use; the length of time expected to be used in direct examination of each witness; and the order in which you propose to call each witness. Once opposing side's witnesses have been identified, you shall provide an estimate of the amount of time it will take to cross-examine those witnesses. This should be provided to the Court within five days of disclosure by opposing sides.

**Please note that counsel may, if desired, file and serve the information in paragraph three instead of making a separate in camera submission.**

4.  On or before August 14, 2000, each **PARTY DEFENDING** against an affirmative claim for relief shall serve and file:

a.  **A LIST OF ALL WITNESSES** (in alphabetical order) who may be called at trial by that party in connection with such defense;

b.  **A LIST OF ALL EXHIBITS** which may be offered at trial by that party in connection with such defense. Each exhibit so listed shall be pre-marked and numbered. If only a portion of an exhibit is to be offered, the portion to be offered shall be specifically identified. A copy of the index will be attached to the copy of the exhibit list filed with the clerk;

c.  Any **OBJECTIONS TO PROPOSED DEPOSITION** testimony designated by any other party pursuant to subparagraph (2)(c);

d.  A **DESIGNATION**, by page and line number, of any **DEPOSITION TESTIMONY** to be offered as cross-examination to deposition testimony designated by other parties pursuant to subparagraph (2)(c); and

e.  A **DESIGNATION**, by page and line number, of any **DEPOSITION TESTIMONY** to be offered in evidence as a part of that party's case-in-chief in connection with such defense.

5.  In addition to 4(a) above, on or before August 14, 2000, each **PARTY DEFENDING** against an affirmative claim for relief shall submit <u>in camera</u> a **WITNESS LIST** which includes the subject matter that each witness will testify about and the exhibits each witness will identify or use; the length of time needed for direct examination of each witness; the order in which you propose to call each witness; and the length of time you estimate is necessary to cross-examine the opposing side's witnesses.

Case 4:99-cv-00550-FJG     Document 8     Filed 12/27/99     Page 9 of 13

Please note that counsel may, if desired, file and serve the information in paragraph five instead of making a separate in camera submission.

6. On or before August 21, 2000, each **PARTY ASSERTING** an affirmative claim or claims for relief shall serve and file:

a. Any **OBJECTIONS TO PROPOSED DEPOSITION TESTIMONY** designated by any other party pursuant to subparagraphs (4)(d) or (4)(e); and

b. A **DESIGNATION**, by page and line number, of any **DEPOSITION TESTIMONY** to be offered as cross-examination to deposition testimony designated by any other party pursuant to subparagraph (4)(e);

7. On or before August 28, 2000, each **PARTY DEFENDING** against an affirmative claim or claims for relief shall serve and file any objections to proposed deposition testimony designated by any other party pursuant to subparagraph (6)(b).

8. On or before August 28, 2000, the parties shall file a **STIPULATION TO THE IDENTITY AND AUTHENTICATION OF EXHIBITS**. If no exhibits can be stipulated to, the parties shall file a joint statement to that effect.

9. **INSTRUCTIONS:** all proposed instructions that the parties believe appropriate shall be taken from or drawn in the manner of Model Civil Jury Instructions for the District Courts of the Eighth Circuit. The Missouri Approved Instructions (MAI) may be used if there is no Eighth Circuit instruction available. An original (without sources) and one copy (with sources) of all said instructions shall be delivered to chambers. If a non-MAI instruction is proposed (because none of the authoritative sources requested above have instructions on this subject), the source of such instruction should be provided. **The Court expects to receive jointly agreed to instructions**

**from the parties. Separate instructions are appropriate only where the parties cannot agree upon a specific instruction. In that instance, opposing counsel shall state in writing the reason for the objection with authority cited as well as an alternative instruction.**

The **jointly proposed instructions** shall be filed on or before August 28, 2000. In the event that the parties cannot agree upon instructions, the asserting party and defendant party may submit their individual instructions on the dates set forth below.

10. On or before August 30, 2000, the **ASSERTING PARTY** shall serve and file:

    a. All proposed voir dire questions;

    b. All instructions which have not been agreed to by the defending parties.

11. On or before September 6, 2000, the **PARTY DEFENDING** shall serve and file:

    a. All proposed voir dire questions;

    b. All instructions which have not been agreed to by the asserting party;

12. On or before September 6, 2000, the **ASSERTING PARTY** shall serve and file:

    a. All motions in limine, with supporting suggestions; and

    b. Any desired trial brief.

13. On or before September 13, 2000, the **PARTY DEFENDING** shall serve and file:

    a. All motions in limine, with supporting suggestions, and/or any responses to earlier filed motions in limine; and

Case 4:99-cv-00550-FJG    Document 8    Filed 12/27/99    Page 11 of 13

b.     Any desired trial briefs and/or any responses to earlier filed trial briefs.

14.     On or before September 20, 2000, the **ASSERTING PARTY** shall serve and file:

a.     Any desired response to motions in limine; and

b.     Any desired responses to earlier filed trial brief.

15.     The Court may place time limits on opening statements, and direct- and cross-examination of all witnesses.   You should be prepared to support your representations as to the length of trial. (See 3 and 5 above.)

16.     It is important that every moment the jury is in the Courthouse, except when they are on their recess, they should be seated in the jury box hearing testimony. In furtherance of that objective the following rules of Court will be imposed.

a.     All legal issues must be raised in advance of trial by written motions and in accordance with the scheduling order of this Court.

b.     Motions will not be heard during trial without a strong showing that counsel could not, by due diligence, have raised them sooner.

c.     Motions for judgment as a matter of law submitted under Rule 50 shall be filed with the Court as soon as possible but no later than the night before the anticipated completion of testimony.

d.     Testimony will not be interrupted to deal with evidentiary matters that could have been heard in advance of trial.  The Court will consider those matters during recess, at noon break, or at the end of the day.  Counsel should be prepared with written authority for their position.

e.     Witnesses who will be testifying from exhibits or about exhibits should review them immediately prior to their examination.

Case 4:99-cv-00550-FJG     Document 8     Filed 12/27/99     Page 12 of 13

**PLEASE NOTE** that a witness not listed in accordance with this order will <u>not</u> be permitted to testify, except for good cause shown and with leave of Court; and that an exhibit not listed or deposition testimony not designated in accordance with this order will <u>not</u> be received in evidence, except for good cause shown and with leave of court. All witnesses shall be instructed to be available for testimony as of the first day of trial scheduled herein, should the Court so require.

IT IS SO ORDERED.

Fernando J. Gaitan, Jr.
United States District Judge

Dated: _____
Kansas City, Missouri